IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES BRAY,

    Petitioner,

v.                                            CASE NO. 5:08-cv-00088-RS-AK

SCOTT A. MIDDLEBROOKS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by James Bray. While Petitioner was convicted in the United States District Court for the Western District of Virginia, his petition is properly filed in this Court since Petitioner is presently confined at FCI Marianna. Petitioner has paid the filing fee. Having carefully considered the matter, the Court recommends that the petition be dismiss.

The gist of Petitioner's complaints is that he is "suffering egregious and unlawful conditions of confinement" which place his "health, safety, liberty, and precious Due Process Rights...in jeopardy of injury and loss if the Bureau of Prisons is allowed to continue to manipulate, and unlawfully affect Bray by transferring him from Marianna F.C.I. while Bray is involved in critical litigation concerning his unlawful conviction and imprisonment." *Id*. He

maintains this is "**not** an action attacking my unlawful conviction." *Id*. (emphasis in original). Instead, he seeks to prevent the BOP from transferring him to another institution during the pendency of various proceedings. *Id*.

Habeas proceedings are reserved for challenges to the fact or duration of one's confinement in prison, not to the conditions of that confinement. *Schipke v. Van Buren*, 239 Fed. Appx. 85, 85 (5th Cir. 2007). Thus, the instant claims must be pursued under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). While ordinarily this Court would merely construe the pleadings as filed in that manner, perhaps directing Petitioner to file an amended pleading, amendment will not save this suit from dismissal, as a prisoner does not have a constitutional right to be housed in a particular facility, *Antonelli v. Mukasey*, 2008 WL 1790380, at *1 (5th Cir. Apr. 18, 2008), and thus, this Court cannot ordinarily prevent a prisoner's transfer to another prison. Furthermore, Petitioner candidly acknowledges that he presently has "more than ten administrative remedy actions...pending that concern serious violations and unlawful conditions of confinement affecting Bray at Marianna, F.C.I." He therefore has not exhausted his administrative remedies, a path which he must fully travel before seeking either habeas or *Bivens* relief. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (prisoner seeking § 2241 relief must first exhaust administrative relief); *Alexander v. Hawk*, 159 F.3d 1321, 1325-28 (11th Cir. 1998 (prisoner asserting *Bivens* claim must exhaust administrative remedies).

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas

corpus, Doc. 1, be **DENIED**, and that is cause be **DISMISSED WITHOUT PREJUDICE.**

**IN CHAMBERS** at Gainesville, Florida, this day of  *4th*  June, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case Number: 5:08-CV-88-RS/AK*

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**